IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TRACY MOTELEWSKI, | ) | CV. No. 11-00778 BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART |
| | ) | AND DENYING IN PART THE |
| vs. | ) | PLAINTIFF'S MOTION FOR |
| | ) | RECONSIDERATION AND |
| MAUI POLICE DEPARTMENT, et al. | ) | GRANTING THE COUNTY'S |
| | ) | MOTION FOR |
| | ) | RECONSIDERATION |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART
THE PLAINTIFF'S MOTION FOR RECONSIDERATION
AND GRANTING THE COUNTY'S MOTION FOR RECONSIDERATION

Before the Court are motions by Plaintiff Tracy Motelewski and Defendant County of Maui seeking reconsideration of the Court's August 30, 2012 Order Granting in Part and Denying in Part Plaintiff's and Defendant's Motions for Summary Judgment. (Docs. # 112, 128.)  After careful consideration of the motions, the supporting and opposing memoranda, and the attached documentation, the Court GRANTS IN PART and DENIES IN PART the Plaintiff's motion (Doc. # 112) and GRANTS the County's motion (Doc. # 128.)

STANDARD OF REVIEW

"Generally, motions to reconsider are appropriate if the court '(1) is

presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" Abordo v. Dept. of Public Safety, Civ. No. 12-00503 LEK-BMK, 2012 WL 5954998, at *1 (D. Haw. Nov. 28, 2012) (quoting School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)). "A motion for reconsideration should not be used to ask a court 'to rethink what the court had already thought through, rightly or wrongly.'" Id. (quoting Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).

## DISCUSSION

I.     The Court Grants in Part Plaintiff's Motion for Reconsideration.

Plaintiff seeks clarification that the Court did not rule on legal causation when it held that "the sexual assault was not a foreseeable consequence of the officers' illegal arrest as a matter of law." (Doc. # 90 at 13.) Plaintiff asserts that: 1) the issue of legal causation was not properly before the Court; and 2) legal causation is a question of fact reserved for the jury. (Doc. # 112.) The Court clarifies that its August 30 Order did not determine the issue of legal causation.

At the July 13, 2012 hearing, Plaintiff's counsel raised the issue of legal causation by arguing that the arrest caused Galon's sexual assault. He

2

asserted that regardless of whether the sexual assault occurred within the scope of employment, the County was liable for the sexual assault because the arrest occurred within the scope of employment. His argument implicated the issue of whether Galon's sexual assault was an intervening and superceding cause of Plaintiff's injuries.

Whether Galon's sexual assault of Plaintiff was an intervening and superceding cause of damages to Plaintiff is an important issue in this case. Although the issue of legal causation was presented at the hearing, the briefing focused on respondeat superior. Legal causation was only mentioned in the context of the § 1983 and negligent training and supervision claims, and the Court indicated it would mostly decide those issues in a later opinion. (Docs. # 34 at 14.) The County correctly observes that some cases cited to in the briefs refer to legal causation, but those issues are raised in the context of negligent training and supervision. Because the legal causation issue raised in the motion for reconsideration was a peripheral issue at the hearing, the Court withholds ruling on it until a more complete record has been made.

There may be additional facts relevant to legal causation that were omitted from the briefs regarding respondeat superior. It is also unclear whether the legal causation issue in the instant motion is distinct from the causation issues

3

raised with respect to Plaintiff's other claims. The briefing on the motion for reconsideration does not specifically identify all of the claims and theories affected by the discussion of intervening and superceding cause, which makes the issue too abstract for the Court to rule upon. Finally, cases cited to in the briefs refer to an intervening act breaking the chain of causation stemming from a negligent act. See Taylor-Rice v. State, 979 P.2d 1086, 1102 (Haw. 1999) (State's failure to improve guardrail still a substantial cause of a negligent car crash); see generally Restatement (Second) of Torts § 448 ("The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, unless the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime."). However, the arrest of Plaintiff was arguably an intentional act leading to damages stemming from the sexual assault. Determining whether the same rules of legal causation apply when the initial act is intentional, as Plaintiff's arrest arguably was, may be necessary to dispose of the legal causation issue in this case. This discussion may prove unnecessary when the specific claims and theories regarding legal causation are

fully fleshed out. Therefore, the Court grants Plaintiff's motion for reconsideration in part by clarifying that it has not ruled on the issue of legal causation because it is inappropriate make that determination absent a fully developed record. The Court denies Plaintiff's request to vacate or amend the August 30 Order because it is unnecessary in light of the above explanation.

II.     The Court Grants the County's Motion for Reconsideration.

The County asserts that Officer Gunderson's theft of Plaintiff's money is not attributable to the County because he committed the theft for purely personal reasons. (Doc. # 128 at 3.) The Court agrees.

The Court's August 30, 2012 Order established that Hawaii Courts follow the Restatement (Second) of Agency § 228. (Doc. # 90 at 9.) Under that section, an action is attributable to an employer only if the action "of the kind [the employee] is employed to perform" and the action "is actuated at least in part, by a purpose to serve the master."

The Court's August 30, 2012 Order denied summary judgment to the County regarding Gunderson's theft because Gunderson arguably took the money for work-related reasons. (Doc. # 90 at 14.) In support of its motion, the County relies on Gunderson's deposition testimony that he initially seized Plaintiff's money intending to submit it as evidence, but later changed his mind in his patrol

car and decided to keep the money for himself.  (Doc. # 128 Ex. B at 70-71.)  Once he decided to keep the money, he testified that he had no intention of distributing it to other members of the MPD and he took the money to benefit himself.  (Id. at 72.)  In light of the above testimony, the Court concludes that the initial seizure of the money is attributable to the County, but that Gunderson's decision to steal the money is not attributable to the County because he stole the money for purely personal reasons.  Thus, the theft is not attributable to the County.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the County's motion for reconsideration, and GRANTS IN PART the Plaintiff's motion for reconsideration.

DATED:  Honolulu, Hawaii, January 28, 2013

IT IS SO ORDERED.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Motelewski v. County of Maui, et al., Civ. No. 11-00778 BMK, ORDER GRANTING IN PART AND DENYING IN PART THE PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING THE COUNTY'S MOTION FOR RECONSIDERATION