IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TRACY MOTELEWSKI, | ) | CV. No. 11-00778 BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | MOTION FOR APPROVAL OF |
| vs. | ) | GOOD FAITH SETTLEMENT |
| | ) | |
| MAUI POLICE DEPARTMENT, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING PLAINTIFF'S MOTION
FOR APPROVAL OF GOOD FAITH SETTLEMENT

Before the Court is Plaintiff Tracy Motelewski's Motion for Approval of Good Faith Settlement and Defendant Steven Gunderson's joinder to that motion. (Docs. # 38, 92). After careful consideration of the motions, the supporting and opposing memoranda, and the attached documentation, the Court GRANTS the motion for approval of good faith settlement and Defendant Gunderson's joinder.

DISCUSSION

The procedural and factual background of this case is summarized in the Court's August 30, 2012 Order Granting in Part and Denying in Part Plaintiff's and Defendant's Motions For Summary Judgment (Doc. # 90.) In the instant

motion, Plaintiff seeks approval of a settlement between herself and Gunderson, which is confidential and filed under seal.  (Doc. # 42.)  The County asserts that: 1) the parties did not enter the settlement in good faith; and 2) the special verdict form should include Gunderson.  (Doc. # 122.)

Under Hawaii law, a party must petition the court for a hearing on the issue of whether a settlement was made in good faith.  Haw. Rev. Stat. § 663-15.5(b).  Any non-settling party may file an objection and such party bears the burden of proving a lack of good faith.  Id.  In determining whether the settlement was entered to in good faith, the Court must consider the totality of the circumstances.  Troyer v. Adams, 77 P.3d 83, 109 (Haw. 2003).  In Troyer, the Court noted HRS § 663-15's purpose is to encourage settlements.  Id. at 110.  In evaluating the settlement, the Court may consider the following factors:

> (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Id. at 111.

After reviewing the record in this case, the Court finds that the settlement was entered into in good faith. Gunderson's attorney represented to Plaintiff's counsel that Gunderson had no assets, and settling with Gunderson allowed Plaintiff to avoid the costs of trial. (Doc. # 38, Decl. of Marion Reyes-Burke, ¶ 5.) Although it does not appear Plaintiff would have great difficulty proving her case against Gunderson, the cost of going to trial and the amount the claim settled for in light of Gunderson's limited ability to pay weigh strongly in favor of the settlement.

The County argues that the settlement is collusive and Gunderson's declaration is inaccurate. The Court concludes that the County has not proved that the settlement was the product of wrongdoing. The County also argues that Gunderson's declaration omits Plaintiff's consent to the search of her vehicle. (Doc. # 122 at 6.) This argument is unconvincing because Plaintiff's counsel produced evidence that Gunderson coerced her consent. (Doc. # 46, Ex. 6.) The declaration is not inaccurate for failing to mention consent. After weighing the relevant factors under <u>Troyer</u>, the Court approves the settlement because the parties entered it in good faith. The Court will decide the issue regarding the special verdict forms at a time closer to trial.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Approval of Good Faith Settlement and Gunderson's joinder to that motion.

DATED: Honolulu, Hawaii, March 27, 2013

IT IS SO ORDERED.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Motelewski v. County of Maui, et al., Civ. No. 11-00778 BMK, ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF GOOD FAITH SETTLEMENT